UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JIMMY DALE WALLACE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV0045 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on the motion of Jimmy Dale Wallace to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

In his 2255 petition Wallace contends that:

    1. He did not understand the ramifications of a guilty plea or its consequences; and

    2. Although his attorney was "neither unknowledgeable nor undiligent" perhaps he could have had more effective counsel.

In his brief in support of his 2255 petition Wallace expands his arguments to include:

    1. He was not in possession of the firearms which were the subject of his guilty plea to a crime of being previously convicted felon in

possession of a firearm;

2. His attorney was ineffective for failing to conduct a reasonable pretrial investigation; and

3. His attorney was ineffective for "improperly advising [Wallace] to plead guilty to a sentence that would have never been issued by the court;"

Mr. Wallace's arguments are not supported by the facts or the law. Many of Wallace's arguments are directly contradicted by his own sworn testimony.

Jimmy Wallace's § 2255 petition will be denied.

**Background**

Jimmy Wallace was indicted by a federal grand jury on a single count of being a previously convicted felon in possession of a firearm.

Wallace entered a plea of guilty to the indictment. At his plea I specifically asked him if he possessed the weapon as charged in the indictment:

> Court: And those weapons were in your possession is that correct?
> Wallace: Yes, sir.

I admonished him not to plead guilty if, in fact, he was not guilty:

> Court: If you don't' believe the United States could prove each of these things [the elements of the crime] beyond a reasonable doubt, I have no interest in accepting your

>                    guilty plea. Do you understand that?
> Wallace:           Yes.

Wallace also testified that he understood that he may be subject to an enhanced Guideline Sentence and a mandatory minimum sentence of fifteen years pursuant to 18 USC § 924 (c).

I sentenced Wallace to the mandatory statutory minimum sentence of 180 months.

Although he waived his right to appeal, Wallace appealed his sentence to the United States Court of Appeals for the Eight Circuit. His appeal was dismissed as untimely.

On March 21, 2006 Wallace filed this 2255 petition to vacate, set aside or correct his sentence.

## **Analysis**

### **Mr. Wallace understood the consequences of his guilty plea.**

For Ground One of his 2255 Petition Mr. Wallace states that he did not understand the ramifications of his guilty plea. Specifically, Mr. Wallace states that he did not understand the potential length of his sentence.

Mr. Wallace's arguments in his 2255 petition are directly contradicted by his sworn statements at his plea hearing.

In open court I asked him if he possessed the weapons which gave rise to this indictment. He said under oath that he did. I asked him if he understood that he faced a possible sentence of life in prison. He said under oath that he did.

Mr. Wallace represented to me, under oath, that he possessed the weapons at issue in his case and that he understood that by pleading guilty he was subjecting himself to a potential maximum sentence of life in prison. Wallace cannot contradict his prior sworn testimony with his present unsupported allegations. Wallace fails to "overcome the strong presumption of verity that attaches to statements made in open court." Nguyen v. United States, 114 F3d 699 at 704 (8th Cir. 1992).

Ground One of Mr. Wallace's 2255 petition will be denied.

**Mr. Wallace's Counsel was not constitutionally ineffective.**

Mr. Wallace states that he was denied effective assistance of counsel. He has not identified any specific failures by his attorney. Instead Mr. Wallace says: "[My public defender] was neither unknowledgeable nor undiligent in his pursuit of options on my behalf. While I have been appreciative of his efforts, *Perhaps* I could have had more effective counsel in my case". (emphasis added).

To establish ineffective assistance of counsel, Wallace must show that his counsel's performance was deficient and that the deficient performance prejudiced

his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Wallace has not even alleged his counsel's performance was deficient. Wallace's claims fail the first prong of Strickland.

Additionally, contrary to his allegations contained in his 2255 petition, at his first plea Mr. Wallace represented to me, under oath, that he was satisfied with this attorney's representation:

> Court: Are you satisfied with [your attorney's] representation of you in this case?
> Wallace: Yes, sir.
> Court: Is there anything you think your attorney should have done but did not do in representing you in this case?
> Wallace: No, sir.

Ground Two of Wallace's § 2255 claim will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253 (c)(1)(B). To grant such certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253 (c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues

deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.). Because I am of the opinion that Wallace has made no such showing as to the grounds raised in his motion, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Jimmy Dale Wallace for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued because Nolan has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　RODNEY W. SIPPEL
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2008.